**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1905**

BI FANG LIN,

     Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney General,

     Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 29, 2017        Decided:  April 28, 2017

Before DUNCAN, FLOYD, and THACKER, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Thomas V. Massucci, LAW OFFICE OF THOMAS V. MASSUCCI, New York, New York, for Petitioner.  Joyce R. Branda, Deputy Assistant Attorney General, Claire L. Workman, Senior Litigation Counsel, Juria L. Jones, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bi Fang Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals dismissing Lin's appeal of the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and ordering her removed to China. We dismiss the petition for review in part for lack of jurisdiction and deny it in part.

First, as the Attorney General aptly observes, some of the specific contentions that Lin asserts in this court were not presented in her appeal to the Board. We thus lack jurisdiction to review those particular lines of argument because they were not administratively exhausted. *See* 8 U.S.C. § 1252(d)(1) (2012) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); *Kporlor v. Holder*, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotation marks omitted)). We have reviewed the exhausted arguments that Lin presses on appeal in light of the administrative record, including the transcript of Lin's merits hearing and all supporting evidence. Despite Lin's insistence to the contrary, the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2012)—

including the immigration judge's adverse credibility finding,[*] which the Board wholly affirmed—and substantial evidence supports the denial of relief in this case, *see INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992). Finally, we conclude that Lin has waived appellate review of the agency's rulings on her future persecution claim and her claim for relief under the CAT by failing to raise any arguments in her brief related to the disposition of those claims. *See Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013) (deeming issues not raised in opening brief waived).

Accordingly, we dismiss the petition for review in part for lack of jurisdiction and deny the petition in part for the reasons stated by the Board. *See In re Lin* (B.I.A. July 26, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART*
*AND DISMISSED IN PART*

---

[*] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).